UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRIENDS FOR EDUCATION
INTERNATIONAL,

       Plaintiff,

Case No. 23-cv-11940

v.

HON. MARK A. GOLDSMITH

GANGANITHI SIVAPANDIAN,

       Defendant.
_____/

**ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S FRAUD CLAIM (Dkt. 16)**

Before the Court is Defendant Ganganithi Sivapandian's motion to dismiss Plaintiff Friends for Education International's (FFEI) fraud claim (Dkt. 16).[1] For the reasons that follow, the Court grants the motion in part and denies the motion in part.

**I. BACKGROUND**

FFEI brings this action alleging that its former treasurer, Sivipandian, lied about his financial acumen in furtherance of fraudulently investing FFEI's money, resulting in substantial financial losses to FFEI. Am. Compl. ¶ 1 (Dkt. 14).

FFEI is a nonprofit organization with the goal of "break[ing] the cycle of educational and socioeconomic inequalities by helping untouchable community students in India through

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Sivipandian's response (Dkt. 23) and FFEI's reply (Dkt. 26).

education." Id. ¶ 8. In 2019, FFEI received a donation of roughly $500,000. Id. ¶ 10. According to FFEI, it "conservatively" invested the donation in a Vanguard account. Id. ¶ 11.

FFEI inducted Sivipandian to its board of directors as treasurer on December 17, 2020. Id. ¶ 12. FFEI alleges that Sivipandian "frequently boasted" about his financial acumen, including that he (i) managed financials for another nonprofit organization, (ii) was an expert stock trader in India, (iii) claimed connections in the United States investment community, and (iv) earned "considerable" money in stock trading. Id. ¶¶ 13–14. Based on these representations, FFEI alleges, it entrusted its investments to Sivipandian and permitted Sivipandian to move "limited funds" from the Vanguard account to a TD Ameritrade account for purposes of investing. Id. ¶¶ 15–18.

While serving as treasurer, Sivipandian was required to (i) report weekly investment balances to FFEI's board, (ii) obtain board approval to transfer money from the TD Ameritrade account, and (iii) keep more than $80,000 in FFEI's operational account with Bank of America. Id. ¶¶ 18–19. FFEI alleges that, in contravention of these requirements, Sivipandian made a series of investments and trades that resulted in FFEI losing $350,000. Id. ¶¶ 24–25. FFEI discovered the losses after its board president Benjamin Kaila received an email alerting him that $15,000 was transferred from the Bank of America account. Id. ¶ 26. According to the amended complaint, during a board meeting held to discuss its investment status, Sivipandian "became angered" after being asked questions about the investments and left the meeting. Id. ¶¶ 29–30. Sivipandian later resigned from the board. Id. ¶ 32.

FFEI alleges that, while Sivipandian managed FFEI's investments, he intentionally (i) failed to provide FFEI's board with weekly investment balances and/or provided false investment

balances, and (ii) transferred funds without board approval. Id. ¶¶ 25, 40–43. FFEI further maintains that Sivipandian's false representations were made intentionally to induce FFEI into allowing Sivipandian to continue investing FFEI's money. Id. ¶ 43.

FFEI's amended complaint asserts fraud and breach of fiduciary claims against Sivipandian. Id. ¶¶ 37–49. Sivipandian now moves to dismiss FFEI's fraud claim. See Mot.

## II. ANALYSIS[2]

Generally, under the liberal pleading standard of Federal Rule of Civil Procedure 8, a pleader is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."). However, "allegations of fraud must be pleaded with particularity pursuant to Rule 9(b), whether under common law or consumer-protection statutes." Elliott v. Gen. Motors LLC, 605 F. Supp. 3d 937, 944 (E.D. Mich. 2022). At a broad level, "Rule 9(b) requires that the plaintiff specify the 'who, what, when, where, and how' of the alleged fraud." New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp., 44 F.4th 393, 411 (6th Cir. 2022) (punctuation modified). To plead a fraud or mistake claim with particularity, the plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Id. (punctuation modified).

---

[2] To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The plausibility standard requires courts to accept the alleged facts as true and to make all reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because FFEI asserts a fraud claim, its amended complaint is subject to Rule 9(b)'s heightened-pleading standard, as discussed further above.

Sivipandian argues that FFEI's fraud claim is subject to dismissal because it fails to satisfy Rule 9(b)'s heightened pleading standard. Br. Supp. Mot. at 2. FFEI's fraud claim is based on two categories of alleged false representations: (i) statements regarding Sivipandian's financial acumen, and (ii) statements regarding FFEI's investment balances. See Br. Supp. Mot. at 4–7. The Court first assesses the sufficiency of FFEI's fraud claim based on fraudulent representations of financial acumen and next assesses fraudulent statements regarding FFEI's investment balances.

A. Financial Acumen

FFEI alleges that Sivipandian "boasted" about being a stockbroker and stock trader, his experience managing financials for nonprofit organizations, trading stocks, and having connections in the investment community. Am Compl. ¶¶ 13–14. FFEI says it entrusted Sivipandian with its investments based on these boasts. Id. ¶ 15.

FFEI's amended complaint fails to plead any of these allegations with particularity. FFEI's allegations fail to provide the Court with any factual context for the alleged fraud. The amended complaint does not specify to whom Sivipandian made the alleged misrepresentation or what statements were made. See Am. Compl. ¶¶ 12–14. FFEI's response attempts to bolster its allegations by specifying that Sivipandian's statements of financial acumen "occurred from December 17, 2020 until May 31, 2022." Resp. at 9. But that timeframe does not square with FFEI's fraud theory: to allege reliance, any misrepresentations of financial acumen must have been made before FFEI entrusted Sivipandian with its investments. In short, the amended complaint fails to allege the requisite "who, what, when where, and how" of the alleged fraud based on alleged misrepresentations of financial acumen. New London Tobacco Mkt., 44 F.4th at 411.

Resisting this conclusion, FFEI argues that "when the allegations in a complaint regarding

4

a fraudulent scheme are 'complex,' 'far-reaching,' and 'encompass many allegedly false claims over a substantial period of time,' pleading every specific instance of fraud 'would be extremely ungainly, if not impossible.'" Resp. at 8–9 (quoting Michigan Auto. Ins. Placement Facility v. New Grace Rehab. Ctr., PLLC, No. 17-11007, 2018 WL 836479, at *3 (E.D. Mich. Feb. 13, 2018)).

As an initial matter, FFEI's claim does not present the sort of "complex" or "far-reaching" fraud schemes that courts have found may be alleged through generalized allegations. See United States v. Quicken Loans Inc., 239 F. Supp. 3d 1014, 1023 (E.D. Mich. 2017) (cautioning that courts "should not construe . . . [schemes] too broadly, as doing so would violate the heightened pleading standard underlying Rule 9(b)"). Even assuming FFEI did allege a complex or far-reaching fraudulent scheme, it still "must plead a specific example" of fraud to support the more generalized fraud claims. Michigan Auto. Ins. Placement Facility, 2018 WL 836479, at *3 (citing United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 510 (6th Cir. 2007)). The amended complaint is devoid of any specific examples of fraudulent misrepresentations related to Sivipandian's financial acumen.

Because FFEI has not pleaded fraud with particularity as required by Rule 9(b), its fraud claim must be dismissed to the extent it is premised on Sivapandian's alleged misrepresentations of financial acumen.

B. **Investment Balances**

Sivapandian also challenges the sufficiency of FFEI's fraud claim based on alleged false representations regarding FFEI's investment balances. Sivipandian argues that FFEI's amended complaint lacks any detailed allegations and that he is "simply left guessing as to what he is being

accused of . . . ." Br. Supp. Mot. at 8–9. On this count, the Court disagrees with Sivapandian.

The amended complaint alleges that Sivapandian served as FFEI's treasurer from December 17, 2020 until his resignation on May 31, 2022. Am. Compl. ¶¶ 12, 32. During that time, Sivipandian's duties included reporting to FFEI's board FFEI's investment balances on a weekly basis. Id. ¶¶ 18, 40. According to the amended complaint, FFEI's board became aware of FFEI's investment losses only after Kaila received an April 22, 2022 notification regarding a transfer of $15,000 from FFEI's Bank of America account. Id. ¶ 26. FFEI alleges that when its board questioned Sivipandian about the status of its investments, Sivipandian left the meeting and resigned on May 31, 2022. Id. ¶ 32.

FFEI's allegations meet Rule 9(b)'s heightened pleading standard. The amended complaint sets forth the who (Sivipandian's representations to FFEI's board), what (FFEI's investment balances), where (Sivipandian's weekly updates to FFEI's board), when (Sivipandian's tenure as FFEI's treasurer from December 17, 2020 to May 31, 2022), and the how (had FFEI known of the status of its investment balances, it would not have continued to allow Sivipandian to manage its investment accounts) required to satisfy Rule 9(b)'s pleading standard. See Am. Compl. ¶¶ 25, 40–45. While the allegations are not a model of specificity, they are sufficient to put Sivipandian on notice of the nature of FFEI's claim. State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC, 107 F. Supp. 3d 772, 788 (E.D. Mich. 2015) ("Rule 9(b) does not require omniscience; rather the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim.") (punctuation modified).

Sivipandian relies on two out-of-circuit cases to argue that FFEI's allegations lack

6

particularity.[3]  Neither case involves allegations like those alleged in FFEI's complaint. In Cumis Ins. Soc. Inc. v. Peters, 983 F. Supp. 787 (N.D. Ill. 1997), the plaintiff—a client of a debt collection agency—alleged that the collection agency wrongfully withheld money it collected on the client's behalf. Peters, 983 F. Supp. at 790. The court determined that the plaintiff's allegations failed to meet Rule 9(b)'s pleading standard because the complaint alleged only that the defendant made "misrepresentations contained in . . . accounting statements and checks." Id. at 793. As the court observed, such allegations were insufficient because they failed to specify "what fraudulent representations and promises were made . . . ." Id.

In re ING Groep, N.V. ERISA Litigation is even further afield. That case involved a class action in which participants in an employer sponsored retirement plan alleged that the plan's provider made misrepresentations in SEC filings. In re ING Groep, N.V. ERISA Litig., 749 F. Supp. 2d 1338, 1350 (N.D. Ga. 2010). The court held that the plaintiffs' allegations that the defendants' filings were "misleading" because defendants' assets were "impaired" and that the defendant's "business model was not sound" were insufficient to state a fraud claim. Id. As the court explained, such conclusory allegations failed to specify who made the communications or how the communications were false. Id.

In contrast to the vague allegations in Peters and ING Groep, here, FFEI's amended complaint specifies that Sivipandian's false representations regarding FFEI's investment balances during his tenure as treasurer are the source of the fraud. Sivipandian's citations to Peters and ING Groep, N.V. fail to support his argument.

---

[3] Br. Supp. Mot. at 9 (citing In re ING Groep, N.V. Erisa Litigation, 749 F. Supp. 2d 1338 (N.D. Ga. 2010) and Cumis Ins. Soc. Inc. v. Peters, 983 F. Supp. 787 (N.D. Ill. 1997)).

Sivipandian also protests that FFEI's amended complaint fails to sufficiently allege (i) how FFEI relied on Sivipandian's alleged misrepresentations and (ii) how FFEI's receipt of false investment balance information resulted in substantial loss. Resp. at 9–10. But a review of the amended complaint's allegations undercut Sivipandian's argument. FFEI alleges (i) that Sivipandian failed to provide weekly investment balances and/or false investment balances; (ii) that Sivipandian "made a series of investments and trades that ended in a cumulative loss of roughly $350,000 by April 22, 2022"; and (iii) that "FFEI . . . relied on [Sivipandian's] representations, resulting in improper transfers and substantial financial loss." Am. Compl. ¶¶ 24–25, 44. These allegations are sufficient to show that FFEI's reliance on Sivipandian's misrepresentations allowed Sivipandian to make improper transfers that caused financial harm to FFEI.[4]

### III. CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part Sivipandian's motion to dismiss FFEI's fraud claim (Dkt. 16).

SO ORDERED.

Dated: September 25, 2024  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

---

[4] Without explanation, Sivipandian also cites Evans v. Pearson Enters., 434 F.3d 839, 852–853 (6th Cir. 2006), which held that a plaintiff failed to state a claim for fraud because she offered only conclusory statements of reliance. See Br. Supp. Mot. at 10. To the extent Sivipandian cites Evans in support of his argument that FFEI does not sufficiently allege reliance, the Court rejects this argument for the reasons stated above.